Scott, J.
The only question in the case is, was the defendant in error, or Harbaugh & Son, guilty of negligence, in the presentment of the check for payment ?
The general rule, in regard to the presentment of checks, is, that u the holder, in order to charge the drawer in case of a dishonor, is bound to present the same for payment, within a reasonable time, and to give notice thereof to the drawer, within like reasonable time; otherwise the delay is at his own peril.” What is a reasonable time, depends on the circumstances.
It is well settled, that if the payee or other holder of the *304 check receives it immediately from the drawer, in the same town or city where it is payable, he is bound to present it for payment to the bank, at farthest, on the next succeeding secular day after it is received, before the close of the usual banking hours. But, under different circumstances, the rule is different. Where he receives the.check from the drawer, in a place distant from the place of payment, it will be sufficient for him to forward it, by the post, to some person at the latter place, on the next secular day after it is received; and the person to whom it is thus forwarded will not be bound to present it for payment until the day after it has reached him by the course of the post. Story on Prom. Notes, sec. 493.
The law merchant requires of the holder the exercise of reasonable diligence in the presentment of' a check for payment, in order to charge the drawer; but what is reasonable diligence, depends, says Justice Story, “ in many cases, upon the time, the mode and the place of receiving the check, and upon the relations of the parties between whom the question arises.”
The drawer has no right to complain of a delay, in presentment for payment, which was contemplated by the parties, and either expressly or impliedly assented to by himself, at the time of drawing the cheek. In Mohawk Bank v. Broderick, 10 Wend. 304, it was said by Chancellor Walworth, “ Bank checks are sometimes made and negotiated, for the avowed purpose of a temporary circulation;” and by way of illustration, he adds: * * * “ If I had purchased the check of the drawer, for the purpose of being sent to New Orleans, and to be negotiated there, and with his knowledge, he would then have assumed the risk of the solvency of the drawee, until the check was returned and presented for payment, according to the usual course of trade in such cases.” Hence, the circumstances of each case are necessary to be considered, as disclosiug the intention and understanding of the parties, or as showing a *305 waiver by the drawer, of the right which he would otherwise have had, to require an early presentment.
Now, in this case, it is claimed for the plaintiff in error, that his depositing the check in the post office at Cincinnati, in pursuance of the request of Harbaugh & Son, was a virtual delivery of the cheel$: to them, in Cincinnati; and that, as it was payable in the same city, the rule of the law merchant required its presentment on the next secular day. But we do not think so.
It is true, that, for some purposes, the mailing of the check, at the request of the payees, might be regarded as a delivery of it to them. Its safe transmission might be at their risk. But whilst its loss was a possible contingency, of which the payees took the risk, by directing this mode of remittance, the delay .in presentment, created thereby, was a certain, unavoidable result, known to the drawers, and acquiesced in by them, because not objected to. They knew that Harbaugh & Son could do nothing toward presenting the check until it would reach them at Springfield by course of the mail. Until then, they could neither exercise diligence, nor be guilty of negligence, and the drawers had no right to require the one, or impute the other. ¥e think it clear, then, that the rights and obligations of the parties, in this case, are the same as though the check had been delivered, personally, by the drawers, to Harbaugh & Son, at Springfield, on the morning of the 13th November, when they received it by course of the mail.
Springfield is some eighty miles distant from Cincinnati, and this check was remitted, that the proceeds might be realized by Harbaugh & Son, at Springfield. Werk & Co. could not have expected the check to be returned to Cincinnati for payment sooner than reasonable diligence, in the usual course of business, would bring it there; and the law merchant required nothing more. Harbaugh & Son adopted the usual mode for the collection of the cheek, conforming, as well to the previous course of business between the parties, as to the ordinary course of business in *306 cases of a like nature. The check was promptly negotiated to the defendant in error, immediately upon its receipt. It was mailed the next day for Cincinnati, where it was received on the morning of the 16th November, and presented the same day for payment. Under the circumstances, we think a higher degree of diligence could not reasonably have been expected by the drawers, and was not required by the rule before cited.

Judgment of the district court affirmed.

Swan, Brinkerhoee and Suture, JJ., concurred.